UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SURNBROCK, an individual, WILLIAM P. MCGILL, an individual; and MICHAEL MCGILL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWESTERN PUBLISHING COMPANY, LLC, a limited liability company; RICARDO PUENTE, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. SACV07-30 AHS (ANx)<br><br>**ORDER RE DESIGNATION AND HANDLING OF CONFIDENTIAL DISCOVERY MATERIALS PURSUANT TO PARTIES JOINT STIPULATION FOR PROPOSED PROTECTIVE ORDER (as modified by the Magistrate Judge)**<br><br>Courtroom: 10A<br>Judge: Hon. Alicemarie H. Stotler<br>Trial Date: October 21, 2008<br><br>NOTE: CHANGES MADE BY THE COURT |

|    |                                                                                 |
|----|---------------------------------------------------------------------------------|
| 1  | This matter came before the Court pursuant to the parties' joint stipulation    |
| 2  | for a protective order, a copy of which is attached hereto as Exhibit A and has been |
| 3  | referred to the Magistrate Judge for consideration.  Although the parties seek a |

This matter came before the Court pursuant to the parties' joint stipulation for a protective order, a copy of which is attached hereto as Exhibit A and has been referred to the Magistrate Judge for consideration. Although the parties seek a protective order, the Magistrate Judge finds the joint stipulation does not set forth a sufficient showing of good cause as required by Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c) expressly provides that a protective order may only be issued "for good cause shown," meaning that applicants have the burden of making a clear showing of a particular and specific need to protect documents or information from public disclosure that are relevant to a claim or defense of a party. *See San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir. 1999); *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Good cause must be shown even if the applicants stipulate to the issuance of the protective order. *Jepson, Inc. v. Makita Elec. Works, Ltd.* 30 F.3d 854, 858 (7th Cir. 1994). The joint stipulation and proposed order merely set forth a methodology for designating and handling confidential materials without making a particular and specific need to protect any information that has actually been requested during discovery that is relevant to the claim or defense of a party and qualifies for protection under applicable federal laws. Instead, the Magistrate Judge finds the proposed order is more appropriately characterized as an Order re Designation and Handling of Confidential Discovery Materials, which the Court finds the joint stipulation does set forth good cause for issuing. Accordingly,

IT IS HEREBY ORDERED:

1. Defendants may produce information and documents which constitute confidential, proprietary, trade secret and private information of Defendants, its employees, its customers, other business entities and third-parties. In order to

1 preserve the confidentiality of the information and documents, the provisions of this
2 Protective Order (hereinafter "Order") shall govern the production, disclosure,
3 maintenance and use by the parties of all documents, testimony and other
4 information designated "Confidential" which is produced and given by Defendants
5 in the course of formal discovery procedures in this action.

6       2. When used in this Order, the word "documents" shall have the full
7 meaning ascribed to it in Rule 34(a) of the Federal Rules of Civil Procedure and
8 shall include, without limitation, all original written, recorded or graphic matters
9 and all copies thereof.

10       3. All Confidential Discovery Materials (as defined below) produced
11 through formal discovery procedures in this action shall be used solely for the
12 prosecution and/or defense of this action. Any person in possession of Confidential
13 Discovery Materials shall maintain them in a reasonably secure manner so as to
14 avoid disclosure of their contents.

15       4. Any document or portions thereof, testimony or other information
16 produced in this action through formal discovery procedures (collectively
17 "Discovery Materials") may be designated "Confidential" by Defendants where
18 Defendants have maintained them in a confidential manner and believe in good
19 faith that there is cause for confidential treatment of the Discovery Materials
20 pursuant to the applicable provisions of Rule 26 of the Federal Rules of Civil
21 Procedure or other applicable law.

22       5. Discovery Materials designated "Confidential" shall be referred to
23 herein as "Confidential Discovery Materials." Materials produced by Defendants
24 informally may be brought within the terms of this Order by written notification to
25 Plaintiffs' counsel at the time of any such exchange.

26       6. The "Confidential" designation provided for in paragraph 5 of this
27 Order may be made at or prior to the time of production of documents by stamping
28 the word "Confidential" on each page of the matter disclosed, or, in the case of

depositions, as provided in paragraph 7 below.  Inadvertent failure to designate materials as "Confidential" at the time of production may be remedied thereafter by written notice of supplemental production of the Discovery Materials with the "Confidential" designation.  Upon the service of such notice and supplemental production, the Discovery Materials shall be subject to this Order as if materials had been initially designated as "Confidential."

7. Defendants may also, in good faith under applicable law, designate as "Confidential," as that term is defined in paragraph 4 above, that portion of any deposition testimony deemed to contain materials designated as "Confidential" by advising the court reporter and counsel of record at the beginning and ending of the testimony containing the confidential information, either orally at the deposition or in writing no later than the earlier of thirty (30) days after the date on which the transcript is received from the court reporter or ten (10) days before the date on which the transcript is to be filed with the Clerk of the Court.  Until the above specified period expires, counsel for the parties shall treat the entire transcript as if designated "Confidential."  The reporter shall mark the face of the transcript to designate the beginning and ending of the confidential portions and, at the request of Defendants, shall prepare a separate original transcript containing the confidential material.  Copies of the transcript for counsels' use may contain both the confidential testimony and other testimony in a single volume.

8. All Confidential Discovery Materials:
   (A) Shall be used only for the purpose of the Litigation and not for any business or other purpose whatsoever;
   (B) Shall not be sent or communicated to or disclosed in any manner, either directly or indirectly, to anyone other than to:
      i. the Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in the Litigation or any appeal

therefrom;

    ii. Plaintiffs and their respective agents, subject to subparagraph (C) of this paragraph;

    iii. Plaintiffs' counsel in this action, including attorneys and clerical, paralegal and secretarial staff regularly employed by said counsel;

    iv. Experts consulted by Plaintiffs' counsel in connection with the Litigation, but only to the extent necessary to assist said counsel in prosecution of the Litigation, and only provided that the expert has signed a confidentiality agreement that provides at least as much protection to Defendants, its employees, its customers, other business entities and third-parties as is provided by this Order;

    v. Deponents during the course of their deposition provided that the deponent has signed a confidentiality agreement that provides at least as much protection to Defendant, its employees, its customers, other business entities and third-parties as is provided by this Order;

    vi. Such other persons as Defendants may approve in writing; and

    vii. Such other persons as the Court may specifically approve after notice and hearing, subject to any terms or conditions imposed by the Court.

(C) Shall not be sent or communicated to or disclosed in any manner, either directly or indirectly, to any agent of Plaintiffs except when reasonably necessary for purposes of this litigation.

9. Nothing in this Order shall prevent any party to this action from moving the Court to remove the "Confidential" designation from a particular

1 document, from seeking modification of this Order, from designating already
2 produced documents as "Confidential," or from objecting to discovery which a
3 party believes to be otherwise improper. If the requesting party disputes the
4 "Confidential" designation of any document, the requesting party must notify the
5 responding party pursuant to Local Rule 37, and file any motion pursuant to Local
6 Rule 37 with the Magistrate. Nothing in this Order shall mandate Defendants to
7 produce confidential, proprietary, trade secret and private information of
8 Defendants, its employees, its customers, other business entities and third-parties.
9 Nothing in this Order shall preclude Plaintiffs from moving to compel production
10 of documents that have not been produced, however if a motion to compel
11 production of confidential, proprietary, trade secret and private information of
12 Defendants, its employees, its customers, other business entities and third-parties is
13 granted, then such documents shall be considered Confidential Discovery Materials
14 under this Order. Nothing in this Order shall preclude Defendants from moving the
15 Court for further Protective Orders, as appropriate, to protect particular
16 confidential, proprietary, trade secret and private information of Defendants, its
17 employees, its customers, other business entities and third-parties.

18     10. If Confidential Discovery Materials are given to a stenographer
19 pursuant to paragraph 8(B)i; to Plaintiffs or their or agents pursuant to paragraph
20 8(B)ii; to Plaintiffs' counsel, including attorneys and clerical, paralegal, and
21 secretarial staff regularly employed by said counsel pursuant to paragraph 8(B)iii;
22 to an expert pursuant to paragraph 8(B)iv; or to any other person acting as an agent
23 of Plaintiffs or their counsel pursuant to paragraphs 8(B)ii through 8(B)vii, the
24 person to whom the Confidential Discovery Materials are given shall not make
25 copies thereof except as reasonably necessary for purposes of this litigation.

26     11. Plaintiffs may desire to disclose Confidential Discovery Materials (or
27 information contained therein) to a person or category of persons not identified
28 above. In such event, the following procedure shall be used:

  (A) Plaintiffs shall give Defendants written notice thereof, specifying the document or information sought to be disclosed;

  (B) Plaintiffs and Defendants shall confer concerning the proposed disclosure;

  (C) If Plaintiffs and Defendants cannot reach agreement concerning the matter within ten (10) business days after delivery of the written notice, then Plaintiffs may move the Court for an order. If Plaintiffs file such a motion, the Confidential Discovery Materials or information contained therein shall not be disclosed before the Court has ruled on the motion.

12. The termination of this litigation shall not relieve Plaintiffs and any other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Discovery Materials.

13. By this Order, the parties adopt no position as to the admissibility of documents or information produced subject to this Order, or as to the confidentiality or status as a trade secret of any Confidential Discovery Materials or information contained therein.

14. Upon termination of this litigation, including any appeals, Plaintiffs' counsel shall, within thirty (30) days either destroy or return to Defendants all Confidential Discovery Materials produced by Defendants and all copies thereof. If destruction is elected, Plaintiffs' counsel must provide Defendants with written confirmation of such destruction within ten (10) days.

/ / /

/ / /

/ / /

15. Nothing in this Order shall preclude either party from filing a motion

1  seeking further or different protection from the Court or from filing a motion with
2  respect to the manner in which Confidential Discovery Materials or information
3  contained therein shall be treated at trial.

5        IT IS SO ORDERED.

7  DATED: February 27, 2008            _____/ S /_____
8                                                             ARTHUR NAKAZATO
9                                             United States Magistrate Judge